UNITED STATES of America, Plaintiff–Appellee,

v.

Cristobal SANCHEZ–CHAVEZ, Defendant–Appellant.

No. 14–30251.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2015.*

Filed Dec. 23, 2015.

Brendan Patrick McCarthy, Lori Anne Harper Suek, Leif Johnson, USBI–Office of the U.S. Attorney, Billings, MT, Tara Elliott, USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Kelly John Varnes, Hendrickson Everson Noennig & Woodward, PC, Billings, MT, for Defendant–Appellant.

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

MEMORANDUM **

1. The government introduced sufficient evidence at trial to support Cristobal

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sanchez–Chavez's conviction under 21 U.S.C. § 846 for conspiracy to possess with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1). A reasonable jury could have credited Officer Wethington's testimony that Sanchez–Chavez's voice matched that of an individual recorded on a series of telephone calls during the course of a DEA wiretap investigation. Officer Wethington conducted the voice identification by comparing Sanchez–Chavez's voice on a telephone call recorded from jail to the voice associated with a particular individual on one of the wiretap calls. Officer Wethington determined that the voice recorded on the wiretap call belonged to Sanchez–Chavez. Officer Wethington then compared the voice known to be Sanchez–Chavez's to the voices on the other recorded wiretap calls the government introduced at trial and identified for the jury each instance in which Sanchez–Chavez spoke. Additional evidence confirmed that the individual speaking on the recorded wiretap calls was indeed Sanchez–Chavez.

The recorded wiretap calls provided sufficient evidence to sustain the conspiracy conviction. The transcripts of the recorded conversations established that Sanchez–Chavez assisted others in arranging to transport methamphetamine and in deciding what to do after the car transporting the methamphetamine was stopped and seized by law enforcement. A reasonable jury could infer from this evidence that Sanchez–Chavez had joined an illegal agreement and intended to commit the underlying offense of possession with intent to distribute. *See United States v. Suarez*, 682 F.3d 1214, 1219 (9th Cir.2012).

2. The district court did not clearly err by declining to apply the "minor participant" reduction under U.S.S.G. § 3B1.2(b). *See United States v. Hurtado*, 760 F.3d 1065, 1067–69 (9th Cir.2014). The court properly found that Sanchez–Chavez was not less culpable than most of the other participants, given his role in procuring the methamphetamine and helping to arrange for its transport. *See United States v. Rodriguez–Castro*, 641 F.3d 1189, 1192–93 (9th Cir.2011); U.S.S.G. § 3B1.2 cmt. n.3(A), (C).

**AFFIRMED.**